UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-272-KKC

JANET A. DAVIS, Administratrix for the
Estate of Anthony Dwayne Davis, Deceased                                          PLAINTIFF

v.                                    **OPINION AND ORDER**

RONALD L. BISHOP and
UNKNOWN EMPLOYEES of the
Lexington-Fayette Urban County Government
Department of Corrections,                                                        DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Motion to Remand (DE 4) filed by the Plaintiff. The Plaintiff, Janet Davis, originally filed this matter in Fayette Circuit Court alleging that her son, Anthony Dwayne Davis, died after he was incarcerated at the Fayette County Detention Center. She asserts on behalf of Anthony Davis's estate claims against Ronald L. Bishop, who was during the relevant time period the Director of the Lexington-Fayette Urban County Government ("LFUCG") Division of Community Corrections which operates the Fayette County Detention Center. She also asserts claims against certain Unknown Employees of the LFUCG Department of Corrections.

She asserts various state law claims against the Defendants and a federal claim under 42 U.S.C. § 1983 that the Defendants violated her son's constitutional right to due process.

In the state court action the parties entered into an Agreed Order quashing the service of summons and complaint on the Unknown Employees. (DE 1-2, CM-ECF p.

13.) Thus, the unknown defendants have not been served and their consent to removal was not necessary. *Klein v. Manor Healthcare Corp.*, Nos. 92-4328, 92-4347, 1994 WL 91786, at *3 n. 8 (6th Cir. Mar. 22, 1994). There does not appear to be any current dispute that the Plaintiffs served Defendant Bishop. (DE 1, Notice of Removal ¶¶ 1, 4, 9.)

Bishop removed the action to this Court asserting that this Court has federal question jurisdiction over the § 1983 claim under 28 U.S.C. § 1331 and that the Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). The Plaintiff moves to remand asserting that this Court does not have subject matter jurisdiction.

28 U.S.C. § 1331 grants federal district courts jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States." Accordingly, this Court has jurisdiction over the Plaintiff's § 1983 claim. 28 U.S.C. § 1367(a) grants federal courts jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . ." All of the Plaintiff's claims arise out of the same alleged failure of the Defendants to provide medical care to the Plaintiff's son. Accordingly, this Court has supplemental jurisdiction over the Plaintiff's state law claims.

In the state court action, Defendant Bishop filed a motion to dismiss the claims against him. It appears that motion remains pending. It is not clear, however, if Defendant Bishop still asserts the same arguments made in the motion to dismiss. For example, in the motion to dismiss, Defendant Bishop argued that he was not properly served with the

Complaint and summons but, it appears, he no longer contests service. (DE 1, Notice of Removal ¶¶ 1, 4, 9.) Accordingly, the Motion to Dismiss will be denied as moot with leave for Defendant Bishop to reassert any of the arguments made in the motion in accordance with applicable law.

For all these reasons, the Court hereby ORDERS that the Plaintiff's Motion to Remand (DE 4) is DENIED and the Defendant's Motion to Dismiss (DE 1) is DENIED as moot.

Dated this 29th day of November, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge