UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-272-KKC

JANET A. DAVIS, Administratrix for the
Estate of Anthony Dwayne Davis, Deceased                                    PLAINTIFF

v.                             **OPINION AND ORDER**

RONALD L. BISHOP and
UNKNOWN EMPLOYEES of the
Lexington-Fayette Urban County Government
Department of Corrections,                                                   DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion for judgment on the pleadings (DE 10) filed by the Defendant, Ronald L. Bishop. For the following reasons, Bishop's motion will be denied but the Plaintiff will be required to file an amended complaint consistent with this opinion and order.

**I.     Facts.**

The Plaintiff in this matter is Janet A. Davis, acting as the administratrix for the estate of her son, Anthony Dwayne Davis, who died while in custody at the Fayette County Detention Center. Ms. Davis alleges that Anthony died because various employees of the detention center failed to give him certain medication required for a congenital heart condition.

Davis asserts claims against Bishop and unknown employees of the Lexington-Fayette Urban County Government Department of Corrections. With Count I of the

Complaint, Davis asserts that Anthony died as a result of the "actions or failure to act" of Bishop and the unknown employees. It is unclear what specific cause of action Davis asserts with Count I. With Count II, Davis asserts a claim under 42 U.S.C. § 1983 that the Defendants violated Anthony's rights to due process of law in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and that the Defendants violated Anthony's rights under Section 1 of the Kentucky Constitution. Davis also asserts state-law claims for punitive damages (Count III) and wrongful death (Count IV) and a claim that the Defendants violated KRS Chapter 441 and 501 KAR 3:090 (Count V) by failing to provide Anthony proper medical care while in custody.

Defendant Bishop moves for judgment on the pleadings in his favor on all claims.

**II.    Analysis.**

**A.    The Claims are not Time Barred.**

Bishop first argues that all of the claims are barred by the applicable statute of limitations. Neither the federal nor state claims are untimely.

Bishop relies on the Kentucky limitations statute, which states that certain actions must be "commenced within one (1) year after the cause of action accrued." KRS § 413.140(1). Among those actions are "[a]n action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant. . . ." KRS § 413.140(1)(a).

This limitations period clearly applies to all of Davis's state-law claims. It also applies to Davis's claim under § 1983. *Collard v. Kentucky Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). This is because § 1983 does not contain its own statute of limitations and the Supreme Court has instructed that federal courts should "borrow and

2

apply to all § 1983 claims the one most analogous state statute of limitations." *Owens v. Okure*, 488 U.S. 235, 240 (1989). Moreover, the Sixth Circuit has determined that the analogous state statute of limitations in Kentucky is the one-year limitations period contained in KRS § 413.140(1)(a). *Collard,* 896 F.2d 179 at 182.

Again, the Kentucky limitations statute requires that the action must be "commenced within one (1) year after the cause of action accrued." KRS § 413.140(1). Under Federal Rule of Civil Procedure 3, "a civil action is commenced by filing a complaint with the court." There appears to be no dispute that Anthony died on June 25, 2011. Davis filed this lawsuit on January 31, 2012. Thus, under the federal rules, Davis's lawsuit is timely.

Bishop argues, however, that it is state law, not the federal rules, that governs when a case is commenced. A Kentucky statute provides that an action is commenced "on the date of the first summons or process issued in good faith from the court having jurisdiction of the cause of action." KRS § 413.250. Bishop argues that the initial summons should not be deemed to have been issued in good faith under Kentucky law because it contained the wrong address for Bishop and because Davis did not manage to obtain a summons with the correct address and serve Bishop until July 30, 2012, which was about six months after the complaint was filed. If the initial summons was not issued in good faith, then Davis's claim was not commenced within the one-year time period.

Thus, the question is whether Federal Rule of Civil Procedure 3 or the Kentucky statute governs when Davis's action "commenced." With regard to Davis's federal claims, the Sixth Circuit has recognized that, in § 1983 suits, "courts have uniformly rejected the principle that a statute of limitations tolling provision automatically follows a

3

statute of limitations borrowed for a federal cause of action." *Macon v. ITT Continental Baking Co., Inc.*, 779 F.2d 1166, 1172 (6th Cir. 1985). The court explained, "[s]ome states' rules, unlike the federal rules, provide that service of process rather than the filing of the complaint tolls the statute of limitations, but when federal courts have borrowed state statutes of limitations in section 1983 actions, they have *not* also 'borrowed' those states' rules concerning when a suit is commenced for statute of limitations." *Id*.

The court continued:

> Therefore, even if a state statute of limitations is borrowed and that state's rules also provide that service, not filing, tolls the statute of limitations, "[t]he prevailing rule among the federal courts of appeals is that Rule 3 [of the Federal Rules of Civil Procedure] governs the time of commencement of the action in cases where a federal matter or cause of action is involved." *Wells v. City of Portland*, 102 F.R.D. 796, 800 (D.Or.1984); *see also Jackson v. Duke*, 259 F.2d 3, 6 (5th Cir.1958); *Bomar v. Keyes*, 162 F.2d 136, 140 (2d Cir.), *cert. denied*, 332 U.S. 825, 68 S.Ct. 266, 92 L.Ed. 416 (1947); *Cohn v. Board of Ed. of East Ramapo Cent. School*, 536 F.Supp. 486, 493–95 (S.D.N.Y.1982); *Gutierrez v. Verigari*, 499 F.Supp. 1040, 1049 n. 7 (S.D.N.Y.1980); *Davis v. Krauss*, 478 F.Supp. 823, 825 (E.D.N.Y.1979); *Triplett v. Azordegan*, 478 F.Supp. 872, 878 (N.D.Iowa 1977), *aff'd*, 570 F.2d 819 (8th Cir.1978).

*Id*.

As the court noted in *Macon*, the Sixth Circuit specifically addressed this issue in 1956 and determined that, "[w]hile state law controls the time within which an action must be begun, the manner by which an action is commenced and when it is deemed to have begun are governed by the law of the forum. These matters are procedural and not substantive." *Id*. (quoting *Mohler v. Miller*, 235 F.2d 153, 155 (6th Cir. 1956)); *see also Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002) (citing cases holding that "Rule 3 provides the rule for determining when a § 1983 action is commenced").

Accordingly, Davis's § 1983 claim was timely filed.

4

As to Davis's state-law claims, however, the Kentucky statute determines when they commence. *Eades v. Clark Distrib. Co., Inc.*, 70 F.3d 441 (6th Cir.1995); s*ee also Gibson v. Slone*, No. 10-145-ART, 2011 WL 2009815, at *1 (E.D. Ky. 2011) (citing *Powell v. Jacor Commns. Corp.*, 320 F.3d 599, 602 (6th Cir.2003)) ("When a federal court hears a state-law claim, it not only applies the relevant state statute of limitations; it must also apply state law to determine when an action 'commences' and when the limitations clock stops ticking."); *Bennett v. Radcliff Police Dept*., No. 3:10-CV-749-H, 2013 WL 628592, at *2 (W.D. Ky. February 20, 2013)).

Again, the Kentucky statute provides that an action commences not just with the filing of the complaint but also with the issuance of a summons in good faith. Bishop argues that the initial summons was not issued in good faith because it contained the wrong address for Bishop and because Davis did not move to correct that error until approximately six months later.

Nevertheless, the initial summons reasonably directed that Bishop be served at the Fayette County Detention Center where Bishop was employed during the time of the events described in the complaint. In her complaint, Davis states that, at the time she filed her complaint, the Kentucky Jailers Association website indicated that Bishop was still the jailer/director at the detention center. In her response, Davis explains that, after learning that Bishop was not served at the detention center, she hired a private investigator who ultimately found Bishop in Louisville where he was served. Based on these facts, the Court cannot find that "[t]he intention to go forward with the service of process was not reached until after the limitation period had expired." *Gibson v. EPI*

5

*Corporation*, 940 S.W.2d 912, 913 (Ky. Ct. App. 1997) (quoting *Whittinghill v. Smith*, 562 S.W.2d 649, 650-51 (Ky. App. 1977)).

Accordingly, under both the federal rules and KRS § 413.140(1)(a), all of the claims made in this action are timely.

### B. Davis asserts a claim against Bishop in his Individual Capacity.

Bishop next argues that the Court should construe the claims against him as claims against him in his official capacity instead of in his individual capacity. Applying the "course of proceedings test," however, the Court determines that the complaint asserts claims against Bishop in his individual capacity.

The complaint does not explicitly state whether Bishop is sued in his official or individual capacity. The Sixth Circuit has held that, "while it is clearly preferable that plaintiffs explicitly state whether a defendant is sued in his or her 'individual capacity,' *see, e.g.*, *Hardin v. Straub*, 954 F.2d 1193, 1200 (6th Cir.1992), failure to do so is not fatal if the course of proceedings otherwise indicates that the defendant received sufficient notice." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001).

Under the "course of proceedings" test, the court should consider various factors such as:

> the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability . . . The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued. We are mindful of the timing of subsequent filings not, as the officers suggest, because they must be filed practically contemporaneous to the opinion, but rather to determine whether the parties are still in the early stages of litigation. This ensures both fairness to defendants . . . and the resolution of any jurisdictional problems at an early stage.

6

*Id*. at 772, n.1.

Here, as in *Moore*, the caption on Davis's complaint lists only Bishop's name, not his official title. *Id.* at 773. Further, as in *Moore*, Davis seeks compensatory and punitive damages against all Defendants. *Id*. Furthermore, in his answer, Bishop recognized that the complaint could be construed as asserting a claim against him in his individual capacity and asserted the individual defense of "qualified immunity." (DE 9, Answer, Sixteenth Defense.)

In addition, as in *Moore*, Davis's response to the motion to dismiss makes clear that she asserts a claim against Bishop individually. (DE 12, Response at 2.) *Id. See also Abdur-Rahman v. Michigan Dept. of Corrections,* 65 F.3d 489, 491 (6th Cir. 1995). And this case is still at the early stages of litigation.

Kentucky courts apply a similar analysis for state-law claims. *See McCollum v. Garrett*, 880 S.W.2d 530, 533 (Ky. 1994) (holding that determining whether a complaint asserts a claim against a defendant in his individual capacity or in his official capacity "should be resolved by a common sense reading of the complaint and application of the Rules of Civil Procedure.")

Accordingly, the Court construes the Complaint to assert all claims against all Defendants in their *individual* capacities only. The Court does not construe the complaint to assert any claims against any of the Defendants in their *official* capacities.

### C. The Plaintiff must file an Amended Complaint Consistent with this Opinion.

Bishop also argues that Davis has failed to sufficiently plead a § 1983 claim against him. The Court agrees but will grant Davis 14 days to file an amended complaint.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face" and to nudge his claim "across the line from conceivable to plausible." *Id*. at 570.

With regard to Bishop, Davis alleges that he was the jailer/director of the Fayette County Detention Center during the relevant time period; that he had a duty to ensure that all inmates had access to required medical treatment; and that, as a result of his actions or failure to act, Davis died while in custody. Davis does not describe what Bishop's actions were or what actions he failed to take. Davis does not ever allege that Bishop was aware of Anthony's need for medical treatment or that he ordered that the medication not be provided to Anthony.

Davis has not asserted sufficient facts to raise a "plausible inference of wrongdoing" against Bishop. *16630 Southfield Ltd. Partnership v. Flagstar Bank, F.S.B.*, 2013 WL 4081909, at * 2 (August 14, 2013). "[N]aked assertions devoid of further factual enhancement contribute nothing to the sufficiency of the complaint." *Id*. at * 4 (citation and internal quotations omitted). As the Sixth Circuit has recently explained, there is a good reason for requiring a plaintiff to assert sufficient factual allegations in the complaint. It "prevent[s] plaintiffs from launching a case into discovery – and from

8

brandishing the threat of discovery during settlement negotiations – 'when there is no reasonable likelihood that [they] can construct a claim from the events related in the complaint.'" *16630 Southfield*, 2013 WL 4081909, at * 2 (quoting *Twombly*, 550 U.S. at 558).

Nevertheless, given this court's well-established preference to decide cases on the merits, the Court will grant Davis 14 days to file an amended complaint to cure the pleading deficiencies in her original complaint. Davis shall also clarify the claim she asserts with Count I of the complaint. Bishop may reassert a motion to dismiss as appropriate in response to the amended complaint.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS as follows:

1) Bishop's motion for judgment on the pleadings (DE 10) is DENIED; and

2) Within 14 days of the entry date of this order, the Plaintiff SHALL FILE an amended complaint consistent with the opinion and order.

Dated this 23rd day of September, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge