UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 5:12-CV-272-KKC

JANET A. DAVIS, Administratrix for the
Estate of Anthony Dwayne Davis, Deceased                                          PLAINTIFF

v.                          **OPINION AND ORDER**

RONALD L. BISHOP and
UNKNOWN EMPLOYEES of the
Lexington-Fayette Urban County Government
Department of Corrections,                                                        DEFENDANTS

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the motion to dismiss (DE 10) filed by the Defendant, Ronald L. Bishop.

**I.     Facts.**

The Plaintiff in this matter is Janet A. Davis, acting as the administratrix for the estate of her son, Anthony Dwayne Davis, who died while in custody at the Fayette County Detention Center. Davis alleges that Anthony died because various employees of the detention center failed to give him medication required for a congenital heart condition.

With her initial complaint, Davis asserted claims against Bishop and certain "unknown employees' of the Lexington-Fayette Urban County Government. In ruling on Bishop's motion for judgment on the pleadings, the Court construed the complaint to assert claims against the defendants in their individual capacities only. The Court further

determined that the initial complaint failed to sufficiently plead a § 1983 claim against Bishop but granted Davis 14 days to file an amended complaint to cure the deficiencies in her original complaint. The Court also directed Davis to clarify the claim she asserted in Count I of the amended complaint.

Davis has filed an amended complaint. With this complaint, she asserts claims against Bishop and 13 additional named defendants. Davis asserts the claims against the 14 defendants in both their individual and official capacities.

With Count I of the complaint, Davis asserts that the defendant deprived Anthony of his life without due process of law in violation of section 1 of the Kentucky Constitution and the Fifth and Fourteenth Amendments to the U.S Constitution. With Count II of the complaint, Davis asserts a state-law negligence claim against the defendants. With count III of the complaint, Davis asserts that the defendants violated state statutes at chapter 441 of the Kentucky Revised Statutes and a Kentucky administrative regulation at 501 KAR 3:090 by failing to provide medical care to Anthony. With Count IV, Davis asserts a state-law wrongful death claim against the defendants. With Count V of the complaint, Davis asserts a claim for punitive damages.

Bishop moves to dismiss all the claims, asserting that Davis has failed to sufficiently plead any claim against him.

**II.     Analysis**

In Count I of the complaint, Davis asserts a claim that the defendants violated his right to due process under the U.S. Constitution. The Court construes the complaint to assert a substantive due-process claim against the defendants. This is because Davis has not alleged that the process Anthony was afforded failed to comply with constitutional

standards. *See Bartell v. Lohiser*, 215 F.3d 550, 557-58 (6th Cir. 2000) (explaining that "While procedural due process principles protect persons from deficient procedures that lead to the deprivation of cognizable liberty interests . . . substantive due process provides that, irrespective of the constitutional sufficiency of the processes afforded, government may not deprive individuals of fundamental rights unless the action is necessary and animated by a compelling purpose.")

Davis asserts her substantive due-process claim against the defendants in their official and individual capacities. Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55 (1978). "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). A county can be liable under § 1983 only "where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012).

In her amended complaint, the plaintiff makes no allegations from which it could be inferred that a county custom or policy was the moving force behind the alleged failure to provide medication to Anthony. Nor does Davis make any such allegations in response to the motion to dismiss. Accordingly, the Section 1983 claims against the defendants in their official capacities must be dismissed.

Further, in the amended complaint, the plaintiff asserts that the defendants deprived Anthony of his life by "*negligently* failing to provide [Anthony] with his

required medication." (DE 16, Amended Complaint ¶ 29) (emphasis added.) A government official cannot violate substantive due-process rights with negligent conduct.

> Historically, this guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty or property. No decision of this Court before *Parratt [ v. Taylor*, 451 U.S. 527, (1981) ] supported the view that negligent conduct by a state official, even though causing injury, constitutes a deprivation under the Due Process Clause.

*Doe v. Wigginton*, 21 F.3d 733, 736 (6th Cir.1994) (quoting *Daniels v. Williams*, 474 U.S. 327, 331 (1986)).

In *Daniels*, the Supreme Court explicitly "overrule[d] *Parratt* to the extent that it state[d] that mere lack of due care by a state official may 'deprive' an individual of life, liberty, or property under the Fourteenth Amendment." *Daniels*, 474 U.S. at 330–31.

Even after being given the opportunity to amend her complaint to sufficiently plead a constitutional claim, the plaintiff alleges that the defendants violated Anthony's due-process rights with only negligent acts. Accordingly, the plaintiff's due-process claims against the defendants in their individual capacities must be dismissed.

The due-process claim is the sole federal claim in this action. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise jurisdiction over Davis's state-law claims. "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996). Discovery has not yet begun in this action and motions for summary judgment have not yet been filed. The federal claims have not been dismissed as a result of forum manipulation by the plaintiff. Accordingly, the state-law claims will be remanded to Fayette Circuit Court.

### III. Conclusion.

For all these reasons, the Court hereby ORDERS that Bishop's motion to dismiss (DE 18) is GRANTED in part and DENIED in part as follows:

a) the motion is GRANTED as to the plaintiff's federal due-process claims under 42 U.S.C. § 1983 and those claims are DISMISSED; and

b) the motion is DENIED as to the plaintiff's state-law claims and those claims are REMANDED to Fayette Circuit Court.

Dated this 2nd day of June, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY